**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**March 23, 2021**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2019AP2151-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. 2016CF735

**IN COURT OF APPEALS**
**DISTRICT I**

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

CHARDEZ HARRISON,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Milwaukee County: WILLIAM S. POCAN and DAVID A. HANSHER, Judges. *Affirmed*.

Before Brash, P.J., Donald and White, JJ.

¶1 BRASH, P.J. Chardez Harrison appeals his judgment of conviction entered after he pled guilty to two counts of armed robbery as a party to the crime, and one count of possession of a firearm by a person adjudicated delinquent. He

also appeals the order of the circuit court denying his postconviction motion seeking to withdraw his pleas.

¶2 Harrison argues that plea withdrawal is warranted because his trial counsel was ineffective for failing to file a motion to suppress his statements to police. Harrison asserts that he invoked his constitutional right to remain silent, but the interrogating officers continued to question him. The circuit court held a hearing on the suppression issue, and determined that a motion to suppress would not have been successful because Harrison's invocation was not unequivocal and unambiguous. The court therefore denied Harrison's postconviction motion without a ***Machner***[1] hearing. We affirm.

## BACKGROUND

¶3 The charges against Harrison stem from events that occurred in February 2016. Milwaukee Police were investigating several armed carjackings and armed robberies that had occurred in the course of one night. An undercover officer on patrol spotted two of the stolen vehicles in an alley and observed several subjects getting into one of those vehicles. An officer in a marked squad responded and attempted to pull the vehicle over. After a short pursuit—where the stolen vehicle reached speeds of up to fifty miles-per-hour on city streets—the subjects abandoned the vehicle. Officers apprehended the driver of the vehicle, later identified as Harrison.

¶4 Harrison entered his pleas in May 2016. As part of the plea agreement, two counts of attempted armed robbery with the threat of force as a party

---

[1] *See **State v. Machner**, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).

to a crime were dismissed and read in at sentencing. Harrison was sentenced to twenty-four years of imprisonment, bifurcated as fifteen years of initial confinement and nine years of extended supervision.[2]

¶5 Harrison filed a postconviction motion in February 2019, arguing that his trial counsel was ineffective for failing to file a motion to suppress his statements to police after he was arrested. Harrison asserted that he had invoked his right to remain silent by telling the interrogating detective that he did not want to make a statement. The parties suggested, and the circuit court agreed, that the most practical way to address that issue would be to hold a suppression hearing.

¶6 That hearing was held in September 2019. It included testimony from the first detective who interrogated Harrison at approximately 3:30 a.m. on the night he was arrested. The detective testified that after he had read Harrison his *Miranda*[3] rights, he asked Harrison, "Realizing that you have these rights, are you now willing to answer some questions or make a statement?" The detective explained that this is a two-part question that is printed on department-issued *Miranda* cards they are required to use.

---

[2] Harrison was initially sentenced to a twenty-six-year term of imprisonment. His sentence was modified after the circuit court granted the part of his postconviction motion seeking modification based on new factors that were not considered at sentencing. After a hearing on that issue held in June 2019, the circuit court reduced Harrison's sentence for one of the armed robbery convictions from eight years of initial confinement to six years of initial confinement. On appeal, Harrison does not present any arguments relating to that decision.

Additionally, Harrison's postconviction motion asserted that his trial counsel was ineffective for failing to request a restitution hearing. Harrison does not renew these arguments on appeal, so we deem them abandoned. *See State v. Ayala*, 2011 WI App 6, ¶22, 331 Wis. 2d 171, 793 N.W.2d 511.

The Honorable William S. Pocan took Harrison's pleas and imposed sentence. The Honorable David A. Hansher heard and decided Harrison's postconviction motion.

[3] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

¶7 In response to the detective's question, Harrison answered "I don't want to make no statement right now." The detective testified that he then followed up regarding the other part of the question by saying, "Oh, okay. Will you answer some questions that I have for you?" Harrison responded by asking "what's the question?" The detective then proceeded to ask Harrison "pedigree questions" such as his full name, birth date, family information, and the like. The detective testified that he eventually asked Harrison about the charges against him, and that Harrison denied involvement in the armed robberies and possessing a firearm.

¶8 A second detective interviewed Harrison later the same day, at approximately 6 p.m. That detective also testified at the hearing, and stated that after he read Harrison his *Miranda* rights, Harrison gave a full statement regarding the incidents and confessed to his involvement.

¶9 The circuit court determined that had Harrison's trial counsel filed the motion to suppress, it would have been denied. The court found that while Harrison had unequivocally declared that he did not want to make a statement, he did not unequivocally state that he did not want to answer questions. In fact, the court specifically observed that during the first interrogation, which lasted over an hour, Harrison never made a request to stop the questioning. Furthermore, the court noted that when a suspect gives an ambiguous and equivocal response such as Harrison did, police are not required to cease their interrogation.

¶10 Given that ruling, the circuit court denied Harrison's postconviction motion without granting a *Machner* hearing. This appeal follows.

**DISCUSSION**

¶11    On appeal, Harrison maintains that plea withdrawal is warranted based on the ineffective assistance of his trial counsel. A defendant seeking to withdraw his or her plea after sentencing "must prove, by clear and convincing evidence, that a refusal to allow withdrawal of the plea would result in 'manifest injustice.'" *State v. Brown*, 2006 WI 100, ¶18, 293 Wis. 2d 594, 716 N.W.2d 906 (citation omitted). Manifest injustice as it relates to plea withdrawal may be demonstrated by proving ineffective assistance of counsel. *State v. Taylor*, 2013 WI 34, ¶49, 347 Wis. 2d 30, 829 N.W.2d 482.

¶12    A claim of ineffective representation requires that a postconviction evidentiary hearing be held "to preserve the testimony of trial counsel." *State v. Machner*, 92 Wis. 2d 797, 804, 285 N.W.2d 905 (Ct. App. 1979). Harrison asserts that the circuit court erred in not granting a *Machner* hearing for his claim that his trial counsel was ineffective for failing to file a motion to suppress his statements to police.

¶13    However, a defendant is not automatically entitled to an evidentiary hearing relating to his or her postconviction motion. *State v. Bentley*, 201 Wis. 2d 303, 309, 548 N.W.2d 50 (1996). Rather, the trial court is required to hold an evidentiary hearing only if the defendant has alleged "sufficient material facts that, if true, would entitle the defendant to relief." *State v. Allen*, 2004 WI 106, ¶14, 274 Wis. 2d 568, 682 N.W.2d 433. Whether a defendant's motion "on its face" alleges sufficient material facts to entitle that defendant to relief is a question of law that we review *de novo*. *Id.*, ¶9.

¶14    If, on the other hand, the postconviction motion "does not raise facts sufficient to entitle the movant to relief, or presents only conclusory allegations, or

5

if the record conclusively demonstrates that the defendant is not entitled to relief," the trial court, in its discretion, may either grant or deny a hearing. *Id.* We review this decision under the deferential erroneous exercise of discretion standard. *Id.*

¶15    To demonstrate ineffective assistance of counsel, a defendant must show that his trial counsel's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The defendant "must prevail on both parts of the test to be afforded relief." *Allen*, 274 Wis. 2d 568, ¶26. We review *de novo* "'the legal questions of whether deficient performance has been established and whether it led to prejudice rising to a level undermining the reliability of the proceeding.'" *State v. Roberson*, 2006 WI 80, ¶24, 292 Wis. 2d 280, 717 N.W.2d 111 (citation omitted). However, "[a] court need not address both components of this inquiry if the defendant does not make a sufficient showing on one." *State v. Smith*, 2003 WI App 234, ¶15, 268 Wis. 2d 138, 671 N.W.2d 854.

¶16    In this case, the circuit court, with agreement from the parties, concluded that holding a hearing on the suppression issue was the most straightforward means of determining whether the failure to file a suppression motion was a deficiency that had prejudiced Harrison's defense. To make its determination regarding whether a suppression motion would have been successful, the court considered the testimony of the detectives who interrogated Harrison, as well as case law regarding the invocation of the right to remain silent. Generally, when we review whether a person has "sufficiently invoked his or her right to remain silent," we utilize a two-part standard:  (1) the findings of fact by the circuit court are upheld unless they are clearly erroneous; and (2) the circuit court's application of constitutional principles to those facts is then independently

reviewed. *See State v. Markwardt*, 2007 WI App 242, ¶30, 306 Wis. 2d 420, 742 N.W.2d 546.

¶17    Harrison's argument focuses on the circuit court's application of the relevant case law to the testimony of the detectives regarding their interrogations of Harrison. Specifically, Harrison asserts that he unambiguously and unequivocally invoked his right to remain silent when he told the first interrogating detective that he did not want to make a statement.

¶18    "A suspect's Fifth Amendment right to remain silent includes two separate protections: (1) the right, prior to questioning, to remain silent unless the suspect chooses to speak in the unfettered exercise of his or her own will, and (2) the right to cut off questioning." *State v. Hampton*, 2010 WI App 169, ¶46, 330 Wis. 2d 531, 793 N.W.2d 901 (internal citations omitted). These separate protections are reflected in the compound question set forth in the *Miranda* card used by the Milwaukee Police Department.

¶19    Furthermore, the suspect's invocation of these protections must be unambiguous and unequivocal. *See Hampton*, 330 Wis. 2d 531, ¶46. For the suspect's invocation to be deemed unambiguous, there cannot be "*any* reasonable competing inference [that] can be drawn" from that suspect's response; if there is, then the suspect "did not sufficiently invoke the right to remain silent." *Markwardt*, 306 Wis. 2d 420, ¶36. Moreover, if a suspect "does not unambiguously invoke his or her right to remain silent, the police need not cease their questioning of the suspect." *State v. Ross*, 203 Wis. 2d 66, 78, 552 N.W.2d 428 (Ct. App. 1996).

¶20    Here, the circuit court made the distinction between the two protections, finding that while Harrison was unambiguous in his invocation of his rights with regard to making a statement, his response regarding questioning was

not unambiguous. We agree. Harrison's response to the first detective's question relating to Harrison's willingness to "answer some questions" was to ask "what's the question?" From that response, the detective drew the reasonable inference that Harrison was willing to answer questions, as opposed to invoking his right to "cut off" questioning. *See Hampton*, 330 Wis. 2d 531, ¶46. Therefore, the first detective was not compelled to cease his questioning of Harrison, nor was the second detective prohibited from conducting the subsequent interview. *See Ross*, 203 Wis. 2d at 78.

¶21 Consequently, the circuit court properly concluded that a motion to suppress on this issue would not have been successful. As a result, Harrison has not established that his trial counsel performed deficiently. *See State v. Jacobsen*, 2014 WI App 13, ¶49, 352 Wis. 2d 409, 842 N.W.2d 365 ("An attorney does not perform deficiently by failing to make a losing argument."). Furthermore, Harrison has not established prejudice, because the failure to file an unsuccessful motion does not demonstrate a reasonable probability that the outcome of the proceedings would have been different. *See State v. Provo*, 2004 WI App 97, ¶15, 272 Wis. 2d 837, 681 N.W.2d 272. As a result, Harrison's claim of ineffective assistance of counsel fails. *See Allen*, 274 Wis. 2d 568, ¶26.

¶22 Therefore, the circuit court did not erroneously exercise its discretion in determining that Harrison was not entitled to a *Machner* hearing on that claim.[4] *See Allen*, 274 Wis. 2d 568, ¶9. Accordingly, we affirm the circuit court's denial

---

[4] We further note that Harrison failed to allege sufficient facts to establish prejudice in his postconviction motion, in that he did not assert that he would have gone to trial instead of pleading guilty had his trial counsel filed a suppression motion with a sufficient factual basis to support that allegation. *See State v. Bentley*, 201 Wis. 2d 303, 312-13, 548 N.W.2d 50 (1996); *see also State v. Allen*, 2004 WI 106, ¶9, 274 Wis. 2d 568, 682 N.W.2d 433. Thus, the circuit court did not erroneously exercise its discretion in declining to grant a *Machner* hearing on that ground as well. *See Allen*, 274 Wis. 2d 568, ¶9.

of Harrison's postconviction motion seeking to withdraw his pleas, *see Taylor*, 347 Wis. 2d 30, ¶49, as well as his judgment of conviction.

*By the Court.*—Judgment and order affirmed.

Not recommended for publication in the official reports.